IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROLAND D. SCANDLE, JR.,** | : | CIVIL ACTION NO. 1:19-CV-996 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **SUPERINTENDENT KEVIN RANSOM**, *et al.*, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner Roland Scandle ("Scandle") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction and sentence imposed in the Lebanon County Court of Common Pleas. (Doc. 1). For the reasons set forth below, the court will dismiss the petition as untimely.

**I.      Factual & Procedural Background**

On November 17, 1975, a jury convicted Scandle of three counts of first-degree murder and one count of conspiracy. (Doc. 11-2). Scandle was nineteen (19) years old at the time of the murders. On December 20, 1976, the trial court sentenced Scandle to life imprisonment without the possibility of parole. (Doc. 11-3). Scandle filed a direct appeal. On June 4, 1979, the Pennsylvania Supreme Court affirmed Scandle's judgment of sentence. (Doc. 11-4; see also Commonwealth v. Scandle, 401 A.2d 1332 (Pa. 1979)).

On August 17, 2012, Scandle filed a *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS.

STAT. §§ 9541-46.[1] (Doc. 11-7). Scandle asserted that he was entitled to relief under Miller v. Alabama, 567 U.S. 460 (2012) and Montgomery v. Louisiana, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). (Id.) In Miller, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Miller, 567 U.S. at 465. In Montgomery, the United States Supreme Court held that Miller was applicable retroactively to cases on state collateral review. Montgomery, 136 S.Ct. 718.

In his PCRA petition, Scandle argued that, although his chronological age was nineteen (19) years at the time of the crime, his brain was not fully developed, and he should be treated as a juvenile. (Doc. 11-7). On March 21, 2016, Scandle filed another PCRA petition, which the PCRA court treated as an amendment to the 2012 petition. (Doc. 11-9). On July 11, 2017, the PCRA court dismissed the petition as untimely and found that Scandle's claims under Miller and Montgomery were inapplicable. (Doc. 11-12). Scandle filed an appeal with the Pennsylvania Superior Court. On June 13, 2018, the Pennsylvania Superior Court affirmed the PCRA court's finding that Miller and Montgomery were inapplicable to Scandle's case and that he did not meet the timeliness exception to the PCRA time bar. Commonwealth v. Scandle, 2018 WL 2947884 (Pa. Super. June 13, 2018). The Superior Court explicitly found Miller does not establish a newly-recognized

---

[1] On April 1, 1980, Scandle filed a petition for collateral relief under the former Post Conviction Hearing Act, which he subsequently withdrew. See Commonwealth v. Scandle, 2018 WL 2947884, at *3 n.2 (Pa. Super. 2018).

2

constitutional right for petitioners who were eighteen (18) years or older at the time of the offense. Id. Scandle filed a petition for allowance of appeal with the Pennsylvania Supreme Court. On January 9, 2019, the Pennsylvania Supreme Court denied the petition for allowance of appeal. Commonwealth v. Scandle, 650 Pa. 463, 200 A.3d 439 (Pa. Jan. 19, 2019).

On June 5, 2019, Scandle filed the instant federal habeas petition. (Doc. 1). This matter is fully briefed and ripe for disposition.

## II. Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

> judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Scandle was sentenced on December 20, 1976. His judgment of sentence became final on September 3, 1979, at the expiration of the ninety-day period for filing a writ of certiorari with the United States Supreme Court. See 42 Pa.C.S. § 9545(b)(3). Scandle's conviction became final before the enactment of AEDPA, which became effective on April 24, 1996. Thus, Scandle's one-year period for filing a habeas petition began running on that date. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) (establishing a one-year "grace period" for petitioners whose convictions became final before the AEDPA became effective). Accordingly, his petition was due by April 23, 1997. Scandle, however, did not his federal habeas petition until June 5, 2019. Hence, the federal petition is patently untimely. However, the court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A.     Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). An application is "properly filed" for

4

statutory tolling purposes "when its delivery and acceptance are in compliance with the [state's] applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The statute of limitations began running on April 24, 1996 and expired on April 23, 1997.  On August 12, 2017, Scandle filed a PCRA petition, twenty years after the expiration of the one-year grace period.  The state courts found this PCRA petition to be untimely; therefore, it does not properly toll the AEDPA statute of limitations.  See Pace v. Diguglielmo, 544 U.S. 408, 417 (2005) (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2)."); Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004) (finding that the PCRA petition had no effect on tolling because "the limitations period had already run when it was filed").

Scandle relies on the Supreme Court's decision in Miller to argue that his habeas petition should be considered timely.  (Docs. 1, 14).  As stated *supra*, the Miller Court held that mandatory life in prison without parole for individuals under the age of eighteen (18) at the time of the crime violates the Eighth Amendment. Miller, 567 U.S. 460.  Scandle acknowledges that he was nineteen (19) years old at the time he committed the relevant crime.  (Doc. 14).  However, he argues that he "lacked the level of moral culpability that characterizes the most serious adult conduct" and that his sentence is unconstitutional.  (Doc. 1 at 5; Doc. 14 at 2, 10-11). The Supreme Court in Miller did not extend its rationale or holding beyond application to juveniles, and by its plain language the Court excluded application of

its holding to individuals eighteen (18) years of age or older. Miller, 567 U.S. at 465. Thus, district courts within the Third Circuit have routinely rejected arguments that Miller granted any new constitutional protections to individuals eighteen (18) years of age or older. See, e.g., Pritchard v. Wetzel, 2014 WL 199907, *3 (E.D. Pa. Jan. 16, 2014) (collecting cases). Based upon the plain language employed by the Supreme Court in Miller, no new constitutional right was created that would be applicable to Scandle, who was nineteen (19) years old at the time of his crime. Consequently, the AEDPA statute of limitations is not subject to statutory tolling. As such, Scandle must establish that he is entitled to sufficient equitable tolling of the AEDPA's limitations period in order for his habeas petition to be considered timely filed.

### B. Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. See Jones, 195 F.3d at 159; Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

Scandle presents no evidence to account for the delay in seeking relief in federal court. (See Docs. 1, 14). Nor does he indicate that extraordinary circumstances obstructed his pursuit of post-conviction relief. Rather, it appears that the Supreme Court's decision in Miller prompted Scandle to file a habeas petition presenting the Miller claim that was rejected in state court. There is no basis to equitably toll the AEDPA statute of limitations.

### III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has

7

made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the disposition of this case debatable.  Accordingly, a COA will not issue.

**IV.    Conclusion**

The court will dismiss the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 as untimely.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:        January 20, 2021